UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

GERARDO MARMOL,

    Plaintiff,

v.

EDEN ROC MANAGEMENT LLC,

    Defendant,
_____/

## COMPLAINT

COMES NOW the Plaintiff, GERARDO MARMOL, by and through the undersigned counsel, and hereby sues Defendant EDEN ROC MANAGEMENT LLC, and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §215 (a)(3) et seq., for violations of the anti-retaliation provisions of the Fair Labor Standards Act.

2. This Court has subject matter jurisdiction over the FLSA claims (Section 216 for jurisdictional placement) and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Plaintiff GERARDO MARMOL is a covered employee for purposes of the Act. The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act. Plaintiff GERARDO MARMOL is an "employee" as defined at 29 U.S.C. §(e)(1).

4. Defendant EDEN ROC MANAGEMENT LLC (hereinafter EDEN ROC MANAGEMENT, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where the Plaintiff worked. The Defendant was an

enterprise engaged in interstate commerce, as defined at 29 U.S.C §203(r)(1), and 203(s)(1)(A).

5. Defendant EDEN ROC MANAGEMENT is a "person", as defined at 29 U.S.C §203 (a), and is an "employer", as defined at 29 U.S.C §203 (d).

6. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff GERARDO MARMOL to recover from the Defendant retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

8. Defendant EDEN ROC MANAGEMENT is a hotel, beach resort and spa, located at 4525 Collins Avenue, Miami Beach, Florida 33140, where the Plaintiff worked,

9. Defendant EDEN ROC MANAGEMENT employed Plaintiff GERARDO MARMOL approximately from June 5, 2019, to September 12, 2019, or 14 weeks.

10. The Plaintiff was hired as a non-exempted, full-time, hourly restaurant employee. The Plaintiff had duties as a line cook, pizza cook, and prep cook. The Plaintiff was paid at the rate of $14.50 an hour.

11. On or about August 30, 2019, while employed by Defendant EDEN ROC MANAGEMENT, the Plaintiff requested his supervisor Ms. Yesenia Nunez, a day-off on September 03, 2019, to attend a mediation in a pending lawsuit. The supervisor agreed and stated: "OK, no problem", but she began to ask questions about the lawsuit. The Plaintiff declined to answer and stated that he could not talk about the lawsuit.

12. Plaintiff participated in the proceeding under the FLSA, and on or about September 06, 2019, Plaintiff filed an FLSA action against his former employer in the U.S. Southern District of Florida, Miami Division. The case was designated case number: 19-cv-23710.

13. In that lawsuit, the Plaintiff claimed damages against his former employer for violations of the overtime provisions of the FLSA.

14. This complaint constituted protected activity under the Fair Labor Standards Act.

15. Pursuant to 29 U.S.C §215 (a)(3) et seq., the Plaintiff had a protected right to file his FLSA lawsuit.

16. On or about September 12, 2019, around 12:00 PM, supervisor Ms. Yesenia Nunez began to interrogate Plaintiff about his lawsuit, again. Plaintiff did not answer, and Ms. Yesenia Nunez exasperated told Plaintiff: "Why are you filing lawsuits against companies?", the Plaintiff replied that he could not talk about his lawsuit.

17. On the same day, September 12, 2019, around 6:30 PM, Chef Yanelkys Penton informed Plaintiff that he could no longer work for EDEN ROC MANAGEMENT.

18. On or about September 12, 2019, Defendant EDEN ROC MANAGEMENT fired Plaintiff using pretextual reasons.

19. There is closed proximity between the Plaintiff's protected activity and the date of his termination.

20. At all times during his employment with Defendant, the Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action due to Plaintiff's participation in a recently filed FLSA lawsuit against his former employer. Defendant terminated Plaintiff because he engaged in protected activity under the FLSA.

21. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

22. Plaintiff GERARDO MARMOL seeks to recover retaliatory damages, liquidated damages, and any other relief as allowable by law.

23. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**COUNT I:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATORY DISCHARGE; AGAINST ALL DEFENDANT**

24. Plaintiff GERARDO MARMOL re-adopts every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

25. The employer EDEN ROC MANAGEMENT was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a hotel, resort, and spa. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

26. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

27. By reason of the foregoing, Defendant EDEN ROC MANAGEMENT was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

28. 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

29. Defendant EDEN ROC MANAGEMENT employed Plaintiff GERARDO MARMOL approximately from June 5, 2019, to September 12, 2019, or 14 weeks.

30. The Plaintiff was hired as a non-exempted, full-time, hourly employee restaurant employee. The Plaintiff had duties as a line cook, pizza cook, and prep cook. The Plaintiff was paid at the rate of $14.50 an hour.

31. At all times relevant to this Complaint, the Plaintiff GERARDO MARMOL had a protected right to file an FLSA lawsuit.

32. As alleged herein, the Defendant EDEN ROC MANAGEMENT terminated Plaintiff GERARDO MARMOL after learning about his filing of an FLSA lawsuit against his former employer.

33. The motivation behind the Defendant's termination of Plaintiff was retaliation and unlawful discrimination based on Plaintiff's exercise of his protected rights to file an FLSA lawsuit.

34. If EDEN ROC MANAGEMENT and other employers were allowed to discriminate and retaliate against any employee who exercised his protected rights to file claims under the FLSA, the protected right to bring an FLSA claim would be invalid, and individuals who wished to exercise their rights under the FLSA would be deterred from doing so.

35. The actions of Defendant EDEN ROC MANAGEMENT were willful and intentional.

36. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, the Plaintiff has been damaged.

37. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GERARDO MARMOL respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant EDEN ROC MANAGEMENT, that Plaintiff GERARDO MARMOL recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff GERARDO MARMOL further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff GERARDO MARMOL demands trial by a jury of all issues triable as of right by a jury.

Dated: April 10, 2020

Respectfully submitted,

By: __/s/ Zandro E. Palma____

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*